J. ALBERT STOWE v. TOWN OF KEARNY ET AL.

JOHN W. EDMUNDS v. TOWN OF KEARNY ET AL.

Submitted December 4, 1904—Decided February 27, 1905.

1. The town council, under section 47 of the act for the formation, establishment and government of towns (*Pamph. L.* 1895, *p.* 218), may prescribe, by a general ordinance, the manner in which corporations or individuals shall exercise any privilege granted to them in digging up any street, highway or alley; and it is not necessary that every grant of such privilege shall also be by ordinance.
2. Under section 10 of the act the town council may appoint a street commissioner and may provide that the fees to be paid for "permits" in the opening of streets shall be fixed by him.
3. The facts in the present case fail to show an abuse of discretion by the town council in awarding the contracts in question.

On *certiorari*.

Before Justices DIXON and SWAYZE.

For the prosecutors, *Edward Kenny*.

For the town of Kearny, *J. Franklin Crowell*.

For the water companies, *Collins & Corbin*.

The opinion of the court was delivered by

SWAYZE, J.   The writs in these cases bring up the same resolutions which are involved in the case of *Jersey City* v. *Kearny, post p.* 109.   The prosecutors are taxpayers of Kearny, and one of them owns land abutting on one of the streets in which pipes are proposed to be laid.

Two reasons are relied on to set aside the resolutions— *first,* that the town council should have proceeded by ordinance and not by resolution; *second,* that the action of the

town council was an abuse of discretion, and resulted in a contract disadvantageous to the town.

1. It is not contended that a contract for a water-supply, under section 54 of the act for the formation, establishment and government of towns (*Pamph. L.* 1895, *p.* 218; *Gen. Stat., p.* 3525), must be made by ordinance. The prosecutors rely entirely upon section 47 of the act, which provides that the council may pass ordinances "to prescribe the manner in which corporations or individuals shall exercise any privilege granted to them in the use of any street, highway or alley, or in digging up any street, highway or alley for any purpose whatsoever."

Conceding that the word "may," in this section, is mandatory (*Kennelly* v. *Jersey City,* 28 *Vroom* 293, 297), the answer to the contention of the prosecutors is that section 47 refers only to general ordinances. *Courter* v. *Newark,* 25 *Id.* 325; *Brady* v. *Bayonne,* 28 *Id.* 379.

The record shows a general ordinance regulating the opening and excavating of streets, avenues, alleys and public places, but this ordinance is assailed because it requires the permission of the street commissioner for the opening of the streets and public places. It is urged that this is a delegation of power to an officer not authorized by the act. We think that the town council, under the power given in section 10 to appoint such other subordinate officers as may be deemed necessary, may appoint a street commissioner, and that it may properly put the matter of issuing permits for the opening or excavating of streets in his hands. The ordinance does not attempt to authorize the street commissioner to grant the right to open the street; it merely forbids the opening without his written permission. In substance, it requires notice to the street commissioner of the proposed opening, and authorizes him to give the applicant written evidence that the notice has been given. We have held at the present term, in Cook v. North Bergen, that such an ordinance is a proper exercise of the police power.

Nor do we think that the third section of the ordinance is objectionable in authorizing the street commissioner to determine the charge for an opening of an extraordinary nature. The only object seems to be to protect the municipality against the cost of restoring the highway to proper condition; the ascertainment of the amount "sufficient for the purpose" may well be left to the street commissioner.

2. The resolutions ratified a contract between the township of Kearny and the East Jersey Water Company, made in 1895, and modified it in several respects manifestly to the advantage of the municipality. By the modifications the price to be paid was reduced from $90 to $82.50 per million gallons; Kearny was relieved from the obligation of the old contract to provide a main at Belleville and Kearny avenues; it secured filtered water, the right to "additional metered supply main connections at any intersecting street or on the meadows where required for manufacturing purposes;" and the companies agreed not to sell water for consumption or use within the town, except to the municipality, with certain specified exceptions, and to furnish Kearny with water at the same price as other municipalities reached through mains laid in Kearny, if that price was lower than the price fixed by the present contract, and to supply water at two new points. In view of these modifications, and in view of the difference which the evidence discloses between the quality of the supply proposed to be furnished by Jersey City and that furnished by the water companies, and the difference in pressure at which the two supplies would be delivered, we are unable to say that the town council did not exercise fairly their discretion in refusing to consider the offer of the mayor of Jersey City and in making the present contract. There is no charge of corruption or fraud, and we are not justified in overruling the judgment of the town council.

The resolutions must be affirmed, with costs.